IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUMBER LIQUIDATORS, INC.,

    Plaintiff,

  v.

KEVIN SULLIVAN,

    Defendant.
                             /

No. C 12-80101 WHA

**ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH AND VACATING HEARING**

Defendant Kevin Sullivan moves to quash this Court's writ of execution of judgment. For the reasons stated below, Sullivan's request is **DENIED WITHOUT PREJUDICE**.

In 2010, an arbitrator awarded plaintiff Lumber Liquidators, Inc. approximately 360,000 dollars in damages against Sullivan for violation of his employment agreement. This arbitration award was confirmed by Judge Nathaniel Gorton of the U.S. District Court for the District of Massachusetts. Judgement was entered by Judge Gorton in January 2012. Sullivan did not appeal the judgment nor seek a stay of execution under FRCP 62. In May 2012, Lumber Liquidators registered the judgment in this District pursuant to 28 U.S.C. 1963. Subsequently, Lumber Liquidators moved for the clerk of this Court to issue a writ of execution. This request for a writ of execution was served on Sullivan, who did not file any objections. The clerk issued writs of execution for all four federal California districts a month later in July.

Lumber Liquidators proceeded to enforce the judgment by levying Sullivan's bank accounts held by TD Ameritrade. These levies were effectuated, and proofs of service were filed with the United States Marshal in this District. To date, however, the record does not show that the U.S. Marshals have collected the levied funds.

A month after the writs were issued, Sullivan appeared and filed this instant motion to quash or stay the writs of execution. Sullivan's sole basis for quashing the writ is that he *hopes* he will prevail in a wholly-separate, currently pending arbitration action against Lumber Liquidators, and that the 12 million dollars he is seeking in that arbitration action can then be used to offset the current 360,000 dollar judgment against him. This highly speculative basis for quashing the writs is unpersuasive.

Therefore, Sullivan's motion to quash or stay the writ of execution is **DENIED WITHOUT PREJUDICE**. Sullivan may bring a fresh motion if, and only after, the arbitrator awards Sullivan enough damages to offset the earlier judgment awarded Lumber Liquidators. This order does not address whether a fresh motion by Sullivan would be futile if the U.S. Marshals collect on the levied funds. *See Gencorp. Inc. v. Olin Corp.*, 477 F.3d 368, 376 (6th Cir. 2007); *Del Riccio v. Superior Court of California*, 115 Cal. App. 2d 29, 31 (1952). The hearing scheduled for September 6 is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 21, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE